## Baker License

*R. Barry McAndrews*, for Commonwealth.

*William B. Allen*, for appellant.

BODLEY, J., October 15, 1968.—Arthur R. Baker, Jr. has appealed from an order of the Secretary of Revenue suspending his operating privileges for a period of six months. After hearing de novo, we make the following

FINDINGS OF FACT

1. Appellant is a resident of Yardley, Bucks County, Pa., and at all times relevant hereto, was engaged in business as a used car dealer in Morrisville, Bucks County, Pa.

2. On July 21, 1967, appellant sold a certain used car to one Robert Helstrom and, at that time, pursuant to the requirements of The Vehicle Code, prepared a temporary registration certificate in triplicate. The original of this form was forwarded to the Bureau of Motor Vehicles, a copy was retained by appellant and the remaining copy was given to the buyer permitting him to use the vehicle for a 30-day period or until receipt of his permanent registration plates, whichever event first occurred.

3. On August 25, 1967, the permanent registration plates were issued for the vehicle in question. (It is to be noted that this issuance date does not appear in the notes of testimony, but rather in a letter dated June 25, 1968, addressed to the court by the attorney for the Commonwealth and by agreement made part of the record.)

4. On September 2, 1967, a State Police officer stopped the Helstrom vehicle and, upon examining the buyer's copy of the temporary registration certificate, observed that the issuance date had been altered so as to indicate August 20, 1967, rather than July 21, 1967, thus ostensibly validating the temporary regis-

tration certificate for a period of 30 days from August 20, 1967.

5. On September 9, 1967, the officer confronted appellant who readily admitted altering the buyer's copy of the temporary registration certificate.

6. Appellant was then charged with violation of section 624 (8) of The Vehicle Code of April 29, 1959, P. L. 58, sec. 624, 75 PS §624 (8), and subsequently paid a fine of $100 and costs.

7. Following a hearing before a representative of the Bureau of Traffic Safety, appellant was notified, on January 15, 1968, that his operating privilege was to be suspended for a period of six months. The within appeal followed and a supersedeas was allowed.

## DISCUSSION

The section of The Vehicle Code which appellant allegedly violated and for the violation of which his operating privilege was suspended provides, inter alia, as follows:

"It shall be unlawful for any person to commit any of the following acts:

"(8) To use a false or fictitious name, or give a false or fictitious address, in any application or form required under the provisions of this act, or make a false statement, or conceal a material fact, or otherwise commit a fraud in any application": Sec. 624 (8) of The Vehicle Code, supra.

Although it is clear from the record that the permanent registration for the vehicle involved was not issued until August 25, 1967, some four days after the temporary registration certificate carried by Mr. Helstrom lost its validity, it is not at all clear why the owner still carried the temporary registration certificate on September 2, 1967, when he was stopped by the officer. In any event, it is admitted that appellant altered Mr. Helstrom's copy of the temporary registration certificate so as to indicate the issuance date to

be August 20, 1967, rather than July 21, 1967, which latter date was the correct one. Both Mr. Helstrom and appellant testified that the reason for the alteration was the delay appellant had encountered in his effort to secure the permanent registration for the vehicle which he had sold to Mr. Helstrom. It is thus clear that appellant wilfully committed an act which was designed to conceal the fact that the validity of the temporary registration certificate had expired and hence designed to mislead any inquiring peace officer. However, we do not find that appellant's alteration of the purchaser's copy of the certificate, though perhaps morally reprehensible, was indeed a violation of the section under which he was charged.

Notwithstanding appellant's apparent readiness to concede his culpability when confronted with a summons, and his prompt payment of the fine and costs demanded of him, his alteration was not a violation of section 624 (8). Appellant did not use any false or fictitious name. He gave no false or fictitious address. He made no false statement. He concealed no material fact. And he committed no fraud whatsoever, in the *application* for registration of the vehicle which was submitted to the Bureau of Motor Vehicles. The Commonwealth does not contend that the application for registration of the vehicle was in any way false or fraudulent, and the violation may be found in the falsification of the *application* only. A copy is merely some evidence that an application has been submitted and its alteration is not the evil toward which section 624 (8) is directed. Accordingly, there was no violation of The Vehicle Code and hence no basis for the suspension which was imposed upon appellant.

Having reached the foregoing conclusion, it may be considered as surplusage to note that appellant, a licensed driver since 1937, has never been charged with any motor vehicle violation and has never had his li-

cense suspended or revoked. Though a dealer in motor vehicles for 28 years, appellant has never before been charged with any violation relating to the sale and registration of motor vehicles. In short, his otherwise unblemished record has been smudged sufficiently for an offense which in fact is not an offense. And even were his action to be interpreted as a technical violation of The Vehicle Code, such a technicality should not be the basis for suspension: Glassow License, 37 D. & C. 2d 61 (1965) ; McNamee Automobile License Case, 18 Bucks 149 (1968).

We therefore hold that the order of suspension was an abuse of discretion and, accordingly, reverse the order of the Secretary of Revenue and enter the following order.

ORDER

And now, this October 15, 1968, the within appeal from suspension of the operating privileges of Arthur R. Baker, Jr. is hereby sustained and the order of the Secretary of Revenue, suspending his privileges, is vacated, overruled and reversed.